_____

No. 96-1576
_____

United States of America,                    *
                                              *
          Appellee,                           *
                                              *
     v.                                       *
                                              *
Brian Shields also known as B.K.,*
                                              *
          Appellant.                          *


_____                    Appeals from the United States
                               District Court for the
No. 96-1578                    Eastern District of Arkansas.
_____
                                    [UNPUBLISHED]
United States of America,                     *
                                              *
          Appellee,                           *
                                              *
     v.                                       *
                                              *
Jimmy T. Brunson, also known                  *
as High-Low, also known as Low,  *
                                              *
          Appellant.                          *


                          _____

               Submitted:  July 23, 1996

                  Filed:  August 28, 1996
                          _____

Before FAGG, BOWMA
N, and HANSEN, Circuit Judges.
                          _____

PER CURIAM.

     In this consolidated appeal, Brian Shields and Jimmy T. Brunson
appeal the sentences imposed by the District Court[1] after

_____

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States
District Court for the Eastern District of Arkansas.

they pleaded guilty to offenses involving cocaine base (crack).  We affirm.

   At sentencing, Shields and Brunson, both African-Americans, objected to their offense-level calculations, which were derived from the penalty scheme set forth in 21 U.S.C. § 841(b)(1) (1994), providing the same penalties for given amounts of crack and 100 times greater amounts of powder cocaine (the 100-to-1 ratio).  Their objection was premised on Congress's rejection of a proposed amendment to the Sentencing Guidelines (Amendment 5) which would have eliminated the 100-to-1 ratio and equalized the penalties for crack and powder cocaine.  They argued the 100-to-1 ratio had a disproportionate adverse effect on African-Americans, Congress's rejection of Amendment 5 evidenced a discriminatory purpose on Congress's part in maintaining the penalty scheme, and thus, continued application of the penalty scheme violated their Fifth Amendment equal protection and due process rights.  The District Court overruled their objections, and they appeal.  We rejected the challenge raised here in United States v. Carter, No. 96-1329, 1996 WL 453275, at *2-*3 (8th Cir. Aug. 13, 1996) (per curiam).

   Accordingly, the judgment of the District Court is affirmed.

   A true copy.

      Attest:


         CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.